```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SHIRLEY CRUZ,

                Plaintiff,

-against-

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC. and PLANNED PARENTHOOD ACTION FUND, INC.,

                Defendants.

---

Case No. 23-cv-10932 (GHW) (HJR)

**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

      This matter comes before the Court by stipulation of Plaintiff Shirley Cruz ("Plaintiff") and Defendants Planned Parenthood Federation of America, Inc. and Planned Parenthood Action Fund, Inc. ("Defendants") for the entry of a protective order in accordance with Rule 26(c) of the Federal Rules of Civil Procedure limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by any party or prospective party and their respective counsel, or by any non-party, in the course of discovery in this matter. The parties and their respective counsel have stipulated to the terms set forth herein, and good cause having been shown that this Stipulation be entered as an Order of the Court,

      **IT IS HEREBY ORDERED** that:

      1.     For purposes of this Stipulation and Order for Production and Exchange of Confidential Information (the "Stipulation"), any party may designate as "Confidential" any document or information that they believe constitutes, contains, or would disclose non-public:

         a.  Commercial data, including confidential or proprietary research; development, commercial, financial, or business information; trade secrets; company security matters; non-public financial statement information and policies; non-public

accounting and financial records and policies; and non-public handbooks and policies.

b. Non-public personal information, including financial information, tax records, and medical information.

2. For purposes of this Stipulation, any party may designate as "Highly Confidential–Attorney's Eyes Only" any extremely sensitive "Confidential" documents or information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. If any party believes a document not described in the paragraph above should nevertheless be considered "Confidential," and/or "Highly Confidential–Attorney's Eyes Only," such party may make an application to the Court. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

4. An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" on each page.

a. If such information is provided in response to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, and mark such appendices "Confidential."

b. At the time of a deposition, or within thirty (30) days after receipt of the deposition transcript, a party may designate as "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (1) above or paragraph (2) as

applicable. This designation shall be in writing and served by email upon all counsel. No objection shall be interposed at a deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this thirty (30) day period. Any portion of a transcript designated "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" shall thereafter be treated as confidential in accordance with this Stipulation.

5. In the event a party receives information or material from a source other than from a third party that is the same in substance as information or material previously provided by a party and designated as "Confidential," any of the parties may petition the Court to have such information or material likewise designated as "Confidential."

6. In the event of a challenge to the producing party's "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" designation, the parties shall meet and confer in a good faith and attempt to resolve the challenge within seven (7) business days of the objection. If the parties cannot reach an agreement, the challenging party can apply to the Court for a ruling that deposition testimony, document, or category of documents designated as "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" is not entitled to such status and protection. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

7. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any documents or information designated "Confidential" only to the following persons:

    a. the parties to this action, including their employees and agents;

b. third party deponents to the extent a good faith determination is made that "Confidential" material is relevant to their deposition;

c. the receiving party's counsel in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this Action;

d. experts of the receiving party to whom disclosure is reasonably necessary for this action and who have signed the Non-Disclosure Agreement in the form attached to this Order;

e. the court and its personnel;

f. private court reporters and their staff to whom disclosure is reasonably necessary for this action and who have signed the Non-Disclosure Agreement in the form attached to this Order;

g. professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this action and who have signed the Non-Disclosure Agreement in the form attached to this Order;

h. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

i. the parties' insurers and counsel to their insurers; and

j. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

k.     any other person agreed to in writing by the parties.

8. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any documents or information designated "Highly Confidential–Attorney's Eyes Only" only to those persons described in paragraphs 7(c) - 7(k). For the avoidance of doubt, a receiving party may not disclose any documents or information designated "Highly Confidential–Attorney's Eyes Only" to persons described in paragraphs 7(a) and 7(b) unless such persons are otherwise qualified to receive the disclosure under paragraphs 7(c) - 7(k).

9. Prior to disclosing any "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" material to any person referred to in paragraphs 7(d), 7(f), and 7(g) above, such person shall be provided by Counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

10. "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" material shall be used solely for the purposes of litigating this lawsuit and not for any other purpose or lawsuit.

11. By agreeing to the procedures set forth in this Stipulation, the parties do not waive any objection they may have to the production of any documents, or admissibility at trial of any document, testimony or other evidence. In addition, the fact that a party has entered into this Stipulation is not a waiver of any objections such party may have to the production of documents (including any objections based upon the attorney-client and/or attorney work-product privileges) or admissibility at trial of any document, testimony, or other evidence. This Stipulation does not waive any party's right to: (i) apply to the Court for an Order compelling the production of

documents; or (ii) to apply to the Court for an additional protective order relating to any discovery in this action.

12. In the event that Plaintiff or Defendants wishes to file any "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" material with the Court before trial, that party will proceed in accordance with any Court established procedures, or in the absence of such procedures, take steps necessary to ensure that "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" material is filed under seal and maintained by the Court under seal until further order of the Court. To the extent that any "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" material cannot be filed with the Court under seal, the party seeking to file the "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" material shall meet and confer with the other party in good faith regarding appropriate redactions at least seven (7) days, or as early as reasonably practicable. The parties shall cooperatively agree what, if any, parts of the "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" material must be redacted prior to filing. If the parties cannot agree as to what sections should be redacted as "Confidential," the designating party shall file a motion with the Court seeking to protect such information as "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" pursuant to this Agreement within three (3) days of the parties' inability to agree as to the appropriate redactions, or as early as reasonably practicable.

13. Should any party to this Stipulation become obligated to produce any other party's "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" material in response to a third party's service of a subpoena or other legal process, said party will notify counsel of record for the party claiming confidentiality via e-mail within five (5) business days of its receipt.

14. Nothing contained in this Stipulation shall restrict or impair a party's ability to use its own designated "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" material.

15. If, in connection with this litigation and despite a producing party having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not be deemed a waiver of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

16. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, as soon as reasonably practicable, return and/or destroy all copies of the Inadvertently Disclosed Information, and provide written confirmation to counsel that all such information has been returned and/or destroyed, and that no copies of the inadvertently disclosed materials remain in the receiving party's possession.

17. All "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" material produced during discovery and all copies, digests, or summaries made thereof, including copies, digest, or summaries distributed to experts, and those appended to depositions, are to be destroyed or returned to the party claiming confidentiality within thirty (30) days after trial, appeal, settlement or other final resolution of this action. Despite the foregoing, counsel for the Parties may maintain complete copies of their files, including materials designated as Confidential, as required by the licensing Bar in the jurisdiction in which they practice.

18. The terms of this Stipulation shall remain in effect and the undersigned parties shall be bound thereunder unless and until said terms are modified by agreement of all parties to the Stipulation or unless and until the Stipulation is terminated by mutual agreement of the parties.

19. The obligation to maintain the confidentiality of any and all "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" material will survive the termination of the litigation and will continue to be binding upon all persons to whom "Confidential" and/or "Highly Confidential–Attorney's Eyes Only" material is produced or disclosed in connection with this Stipulation. This Court will retain jurisdiction over all such persons to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt thereof.

Dated: Brooklyn, New York  By: _____
       September 12, 2024  Travis Pierre-Louis
                                      ATTORNEY FOR PLAINTIFF

Dated: New York, New York  By: _____
       September 12, 2024  William Doheny
                                      Dianna McCarthy
                                      ATTORNEYS FOR DEFENDANTS

SO ORDERED.

Dated: September 13, 2024
       New York, New York

_____
Hon. Henry J. Ricardo
United States Magistrate Judge

10391399
10394171

# EXHIBIT A

10391399
10394171

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| SHIRLEY CRUZ, | Case No. 23-cv-10932 (GHW) (HJR) |
| --- | --- |
| Plaintiff, | NON-DISCLOSURE AGREEMENT |
| -against- | |
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC. and PLANNED PARENTHOOD ACTION FUND, INC., | |
| Defendants. | |

I, _____, acknowledge that I have read and understand the Stipulation and Order for Production and Exchange of Confidential Information (the "Order") relating to the production and exchange of Confidential information in this action. I agree that I will not disclose any Confidential discovery material produced in this litigation to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement, and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Print Name: _____

Signature: _____

Dated:_____

10391399
10394171